IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ruby Lee Ward, | ) | |
| | ) | Civil Action No. 4:14-cv-2613-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Ruby Lee Ward ("Ward"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 25).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Ward has filed objections to the Report (ECF No. 28), and the Commissioner has responded to those objections (ECF No. 30). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

This case comes before the court after a continuing disability review ("CDR") by the Commissioner. In a May 26, 2006 decision, an Administrative Law Judge ("ALJ") found Ward disabled and awarded DIB and SSI benefits as of October 21, 2003. In connection with the CDR, Ward was directed to undergo a consultive examination in July 2010 with Dr. Regina Roman ("Dr. Roman"). Dr. Roman saw that Ward needed assistance from her daughter and a member of the staff to enter the building. Ward also needed help from two persons to get on the examination table. Based on these observations and Ward's medical condition, Dr. Roman determined that Ward was unable to maintain gainful employment.

Dr. Roman forwarded her report to Ward's primary medical provider, Mt. Olive Health Center ("Mt. Olive"). After reading the Report, a physician at Mt. Olive reported Ward because she had also seen Ward in July 2010 and Ward had no problems walking and did not use a cane. On September 21, 2010, the Cooperative Disability Investigation Unit ("CDIU") initiated an independent fraud investigation of Ward. The CDIU special agent conducted several field interviews, which revealed that: Ward had been a patient at Mt. Olive since January 16, 2009, and had only been seen using a cane once or twice; she was completely ambulatory; she never complained about problems with mobility; she had no difficulty getting on or off the examination table; she had requested a handicap placard but the request was denied and she admitted that she did not need it; she had no complaints of residual defects from her stroke; she regularly shopped at IGA grocery store and Loris Drug Store and was never observed using a cane or a motorized shopping cart.

The Commissioner found that Ward's condition had medically improved as of October 1, 2010, such that she was no longer disabled. That determination was upheld on reconsideration.

2

Ward requested a hearing before an ALJ. On December 11, 2012, an ALJ heard testimony from Ward and a vocational expert. On January 8, 2013, the ALJ issued a decision finding that medical improvement occurred as of October 1, 2010.

In his decision, the ALJ found that Ward suffered from the following impairments: status/post cerebrovascular accident with residual left hemiparesis, diabetes mellitus, left shoulder arthritis, and depression. (ECF No. 9-2 at 20). The ALJ found that, despite Ward's limitations, she is capable of performing past relevant work as a labeler. (ECF No. 9-2 at 26). Ward sought review of her case by the Appeals Council. The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates

3

more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Ward asserts that the ALJ erroneously found that she had a past relevant job as a labeler. (ECF No. 28 at 3–6). The ALJ based its findings on the testimony by the vocational expert ("VE") who stated that Ward had four previous jobs: nursing assistant, laundry worker, cloth inspector, and labeler. Ward, who was represented by counsel, did not question the VE on whether she had performed the job of labeler. Indeed, the VE included labeler as a previous job based on Ward's own testimony at the hearing:

> Q: And what did you do before that [job]?
>
> A: I was a um, I don't know how you describe it, but um, I would stick labels on shirts that come down a conveyor belt.
>
> Q: Okay, well how long was that? How long ago did you do that?
>
> A: That was, I'm not exactly sure. It was '97, '98, I think, somewhere back over there. I'm not exactly sure, '97, '98.

(ECF No. 9-2 at 39–40). On her work history report, Ward did not list any employment during 1997 or 1998. (ECF No. 9-6 at 2). Given that Ward testified she performed the duties of a labeler and the fact that her counsel did not question the VE about his inclusion of that job in her work history, the court finds that the ALJ's decision to include labeler as a past relevant job is supported by substantial evidence. *See* SSR 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982) ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands

4

and nonexertional demands of such work.").

Ward also asserts that the ALJ insufficiently articulated its reasoning about her medical improvement. (ECF No. 28 at 1–3). Ward reiterates the same argument that she made before the magistrate judge. *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review" (citation omitted)). This argument was adequately addressed in the well-reasoned and well-written Report. The ALJ sufficiently explained the evidence, and substantial evidence supports his determination that Ward's impairments had improved such that she could return to previous work as of October 1, 2010. In sum, the court finds that the findings of the ALJ are supported by substantial evidence.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Ward's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Ward's arguments and properly addressed each in turn, finding them without merit. The court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 3, 2015